**DICKINSON WRIGHT PLLC**
JOHN L. KRIEGER
Nevada Bar No. 6023 (*Admitted pro hoc vice*)
Email: jkrieger@dickinsonwright.com
8363 West Sunset Road, Suite 200
Las Vegas, Nevada 89113-2210
Tel: (702) 382-4002
Fax: (702) 382-1661

*Attorneys for Plaintiff*

*For good cause shown, and in any event in the exercise of the Court's discretion, the Time to serve the summons and complaint is extended to 10/10/16.*

*So ordered.*
*John G. Koeltl*
*U.S.D.J.*
*9/26/16*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLLEEN WOLSTENHOLME, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DAMIEN HIRST, an individual; and OTHER CRITERIA (US), LLC, a limited liability company,<br><br>Defendants. | CASE NO. 1:16-cv-04385-JGK<br><br>**PLAINTIFF'S MOTION TO EXTEND TIME TO SERVE DEFENDANTS**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC# _____<br>DATE FILED: 9/27/16 |

Plaintiff Colleen Wolstenholme, through her undersigned counsel, hereby seek relief from the Court regarding a failure to effect service on Defendants Damien Hirst ("Hirst") and Other Criteria (US), LLC ("Other Criteria") within the 90 days permitted under Federal Rule of Civil Procedure 4(m) due to an inadvertent calendaring error. Plaintiff maintains that "good cause" exists as to the failure to serve and that the Court should extend the period to serve for an appropriate period. F.R.C.P. 4(m). Alternatively, Plaintiff asks that the Court, in its discretion, grant a limited extension of the time to serve the Complaint on Defendants up to and including October 10, 2016.

**1.  Facts Relevant to Plaintiff's Motion to Extend Time to Serve.**

On June 10, 2016, Plaintiff filed her Complaint alleging claims of ongoing copyright

1

infringement, amongst other causes of action, based upon laws of the United States and Canada. (*See* Doc. 1.) On or around June 17, 2016, Plaintiff's counsel prepared and sent a demand letter addressed to both Defendants at Defendant Other Criteria's address in New York, New York, informing them Plaintiff had filed suit against them. Plaintiff's counsel included a file-stamped copy of the Complaint, and indicated that Plaintiff wanted to see if the parties could reach an amicable resolution without having to further pursue the lawsuit. (*See* Declaration of John L. Krieger in Support of Plaintiff's Motion to Extend Time to Serve Defendants ("Krieger Decl."), ¶ 4, attached hereto.) The letter was received by Defendants on June 20, 2016. (*See id.* at Ex. A.)

Shortly thereafter, Plaintiff's counsel was contacted by Mr. Joshua Simmons, Esq., of the law firm of Kirkland & Ellis LLP, who represented that he and Ms. Dale Cendali would be representing Defendants Damien Hirst and Other Criteria with regard to the instant matter, and confirmed that Defendants had received the letter. (*Id.* ¶ 5.) Subsequently, Plaintiff's counsel communicated with Mr. Simmons via email and telephone, providing him with additional documentation regarding Plaintiff's claims and discussing settlement options. (*Id.* ¶ 6.)

On or around September 12, 2015, Plaintiff's counsel prepared and filed a letter motion with the Court seeking a brief continuance of the pre-trial conference that had been scheduled for September 19, 2016, on the basis that the Defendants had not been served and that Plaintiff was still exploring settlement options. (*See* Doc. 6.) Plaintiff's counsel stated in the letter that the deadline to serve Defendants was October 10, 2016, which was based upon a review of Plaintiff's counsel's calendar. (*Id.*) That same day, in a "last ditch" attempt to see if an amicable resolution could be had prior to proceeding with the lawsuit, Plaintiff's counsel also prepared and sent another settlement offer to Defendants. In the event this settlement attempt was unsuccessful, Plaintiff's counsel also followed up in his inquiry as to whether Mr. Simmons would be authorized to accept service on behalf of Defendants. (Krieger Decl. ¶ 8.)

On September 13, 2016, the Court granted Plaintiff's letter motion and moved the pre-trial conference to October 24, 2016. (*See* Doc. 7.)

On September 15, 2016, Plaintiff's counsel received a written response from Ms. Cendali

2

rejecting the settlement offer and, much to counsel's surprise, claiming that the service deadline had expired on September 8, 2016, and that a settlement would not be appropriate. Plaintiff's counsel immediately upon receipt of the letter looked into the issue and discovered that the service deadline had been calendared "by hand," instead of using the firm's docketing software, and inadvertently calculated based upon the "old" Rule 4(m) time limit of 120 days, instead of the current 90-day time limit. Plaintiff's counsel immediately prepared and filed this motion in response. (*See* Krieger Decl. ¶¶ 11-15.)

**2. Plaintiff Had Good Cause For the Failure to Effect Service Within 90 Days of Filing Its Complaint.**

Rule 4(m) of the Federal Rules of Civil Procedure provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." (Emphasis added.)

Plaintiff submits that "good cause" exists to extend the service deadline. Plaintiff's delay in serving the Complaint was to accommodate and explore settlement options with Defendants. *Park Plus, Inc. v. Ardeon Realty Corp.*, No. 13 Civ. 6917(KPF), 2014 WL 338543, at *2 (S.D.N.Y. Jan. 28. 2014) (settlement discussions may satisfy Rule 4(m) "good cause" requirement). (*See also* Doc. 6.) "Good cause" may also be established "where [a] plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 419 (S.D.N.Y. 2013). Such circumstances have been found, for example, where a movant's untimely filing was caused by failure of a law firm's calendaring system, which resulted when paralegal "misread a clear rule" articulating the filing deadline. *Pincay v. Andrews*, 389 F.3d 853, 853, 859 (9th Cir. 2004).

Here, as in *Pincay v. Andrews*, Plaintiff's counsel did not file this request prior to the expiration of the Rule 4(m) period because he relied upon a calendared deadline, which only after the fact was discovered to have been calendared inadvertently based upon Rule 4(m)'s

3

previous 120-day deadline. In fact, Plaintiff's counsel did not become aware of the calendaring error until he received a letter from Defendants' counsel indicating the service deadline had been missed. (Krieger Decl. ¶ 11.) Plaintiff's counsel's mistaken belief is further evidenced in the September 12 letter motion to the Court requesting a continuance of the pretrial conference, wherein Plaintiff's counsel expressly states the deadline "in which to serve the Complaint is October 10, 2016." (*See* Doc. 6.) Accordingly, Plaintiff's counsel had no reason to seek an extension prior to the expiration of the deadline.

Accordingly, "good cause" exists to extend the time for service for an appropriate period. F.R.C.P. 4(m).

### 3. Alternatively, the Court Has Discretion to Grant an Extension of Time to Effect Service.

In the alternative, rather than require the Plaintiff to re-file the Complaint, the Court has discretion under Rule 4(m) to extend the time for service. *Zapata v. City of N.Y.*, 502 F.3d 192, 197 (2d Cir. 2007) (even without "good cause," Rule 4(m) allows a court discretion to extend the time to serve a complaint.).

> Courts in this Circuit generally base discretionary extensions of time to effect service on an assessment of four factors: (1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service.

*Park Plus, Inc. v. Ardeon Realty Corp.*, No. 13 Civ. 6917(KPF), 2014 WL 338543, at *2 (S.D.N.Y. Jan. 28. 2014) (citing *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 420 (S.D.N.Y. 2013)) (granting plaintiff's request for extension of time to effectuate service).

As to the first factor, the applicable statute of limitations would bar Plaintiff from recovering at least some portion of her damages claims for ongoing copyright infringement. The statute of limitations for copyright infringement under the Copyright Act is three years—as clarified by the Supreme Court in *Petrella v. MGM, Inc.*, "[u]nder the Copyright Act's three-year limitations provision, an infringement is actionable within three years, and only three years, of its occurrence, and the infringer is insulated from liability for earlier infringements of the same

4

work; thus, when a defendant has engaged in a series of discrete infringing acts, the copyright holder's suit ordinarily will be timely with respect to more recent acts of infringement, i.e., acts within the three-year window, but untimely with respect to prior acts of the same or similar kind." 134 S. Ct. 1962, 1969–70 (2014). As alleged in Plaintiff's Complaint, Defendants began creating, distributing, displaying, and selling the Infringing Works at issue as early as 2004, and have been doing so continuously since that time. (*See* Doc. 1 ¶¶ 30–31.) Plaintiff filed her Complaint on June 10, 2016, which permissibly encompasses any of Defendants' infringing acts that that occurred on June 10, 2013 or thereafter. Thus, were the Court to dismiss this action without prejudice for failure to effect service, the applicable statute of limitations would bar Plaintiff from recovering at least a portion of her claimed damages (e.g., June 2013 – Sept. 2013). Accordingly, this factor weighs in favor of an extension of time. *See Park Plus, Inc.*, 2014 WL 338543, at *2.

As to the second factor, Defendants have been aware of the Complaint and Plaintiff's claims since at least June 20, 2016. (Krieger Decl. at Ex. A.) The fact that Defendants retained counsel is evidence of actual knowledge. (Krieger Decl. ¶ 5.) Moreover, Plaintiff's counsel has been in communication with Defendants' counsel regarding the allegations in the Complaint and settlement options. (*Id.* ¶¶ 5-6, 8, & 10.) Accordingly, this factor also weighs in favor of an extension of time. *See Park Plus, Inc.*, 2014 WL 338543, at *2 (holding plaintiff's counsel's sworn statement sufficient evidence defendant had "actual, albeit not formal, notice of the claim against it").

The third factor is not relevant here because, to Plaintiff's knowledge, Defendants have not yet communicated with the Court. *See Park Plus, Inc.*, 2014 WL 338543, at *3.

Under the fourth factor, the limited extension of time requested by Plaintiff will not prejudice Defendants, "especially given . . . that Defendant[s] ha[ve] actual notice of Plaintiff's claims." *Park Plus, Inc.*, 2014 WL 338543, at *3. Plaintiff seeks only to extend the service deadline to October 10, 2016. Moreover, the delay here is not substantial or prolonged. Although Plaintiff seeks this extension within one week of the time period in which to serve

5

expired, this motion was filed within hours of learning of the service period had actually expired. (Krieger Decl. ¶ 11.) *See id.* ("though [p]laintiff could have saved itself and the Court much trouble by seeking this extension one week earlier, this application was nonetheless made promptly after the 4(m) period expired") (citing *Vaher*, 916 F. Supp. 2d at 421 (finding prejudice where "the delay . . . was unusually lengthy and unreasonably prolonged")). Further, Defendants would not be prejudiced by a limited extension of time because they have actual notice of Plaintiff's claims and, were the Court to compel a re-filing, still face an action complaining of almost the entire period implicated in the presently-filed Complaint. Moreover, to compel Plaintiff to re-file the Complaint would be a waste of judicial resources, particularly when an extension of the service deadline to October 10, 2016, would still allow the Court to maintain already-calendared October 24, 2016, pre-trial conference.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion for an extension of time to effectuate service up to and including October 10, 2016.

Dated: September 15, 2016

                                      Respectfully submitted,

                                      */s/ John L. Krieger*
                                      **DICKINSON WRIGHT PLLC**
                                      JOHN L. KRIEGER
                                      Nevada Bar No. 6023 (*Admitted pro hoc vice*)

                                      *Attorneys for Plaintiff*